**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:26-cr-000054** |
| | : | **Judge Michael H. Watson** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **ANTHONY HAMMONDS II,** | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Anthony Hammonds II's change of plea. On August 25, 2026, Defendant previously pleaded not guilty to an Indictment, charging him with (1) Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(8); (2) Possession of a Firearm After Domestic Violence Conviction, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8); and one Forfeiture Count, pursuant to 18 U.S.C. § 924(d)(l), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure. (ECF No. 4.) The United States and Defendant thereafter entered into a Plea Agreement (ECF No. 21), executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby Defendant agreed to enter a plea of guilty to Count 1 of the Indictment.[1]

On September 29, 2026, Defendant personally appeared with his counsel before the Undersigned for a change of plea proceeding. Defendant consented, pursuant to 28 U.S.C. § 636(b)(3), to enter a guilty plea before a Magistrate Judge. S*ee United States v. Carson*, 32 F.4th

---

[1] Paragraph 12 of the Plea Agreement includes an appellate waiver provision that preserves only certain claims for appeal or collateral challenge. Paragraph 10 of the Plea Agreement contains a forfeiture provision. Defendant was advised and affirmatively acknowledged on the record that he was waiving all rights and interests in items listed in the forfeiture paragraph.

615, 619, 622 (6th Cir. 2022) (discussing a change of plea hearing with a magistrate judge presiding); *United States v. Taylor*, 719 F. App'x 495, 497 98 (6th Cir. 2018) (affirming district court's denial of a criminal defendant's attempted guilty plea withdrawal following a change of plea hearing held before a magistrate judge).

During the plea proceeding, the Undersigned observed the appearance and responsiveness of Defendant in answering questions. Based on that observation, the Undersigned is satisfied that, at the time he entered his guilty plea, Defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, other drugs, or alcohol.

Further, prior to accepting Defendant's plea, the Undersigned addressed Defendant personally in open court and determined his competence to plead. Based on the observations of the Undersigned, and Defendant's answers to my questions, I find that Defendant understands the nature and meaning of the charge in the Indictment and the consequences of his plea of guilty to Count 1 of the Indictment. Defendant was also personally addressed in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure and indicated that he knowingly was waiving those rights by entering a plea of guilty. Defendant was likewise advised that his sentence will be determined by the District Judge.

Having engaged in the colloquy required by Rule 11, the Undersigned concludes that Defendant's plea is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses charged. Defendant acknowledged that the Plea Agreement filed on September 25, 2026, was signed by him, his attorney, and the attorney for the United States. Defendant further stated on the record that he accepts the Plea Agreement

knowingly and voluntarily, and not as a result of any force, threats, or promises, other than the promises in the Plea Agreement.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the Plea Agreement as Attachment A. He confirmed that he is pleading guilty to Count 1 of the Indictment because he is in fact guilty of that crime. The Undersigned concludes that there is an independent factual basis for the plea.

Based on the foregoing, the Undersigned concludes that Defendant's plea of guilty to Count 1a of the Indictment is knowingly and voluntarily made with understanding of the nature and meaning of the charge in the Indictment and of the consequences of the plea of guilty to Count 1.

It is therefore **RECOMMENDED** that Defendant's guilty plea to Count 1 of the Indictment be accepted. Decision on acceptance or rejection of the Plea Agreement was deferred for consideration by the District Judge until after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by Defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; Defendant's attorney may be present if Defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof

in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn*, 474 U.S. 140 (1985).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**